UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VALENTIN VASQUEZ HERNANDEZ,

Petitioner,

v.

MINGA WOFFORD, *et al.*,

Respondents.

Case No. 1:26-cv-01923-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO 28 U.S.C. § 2412

(Doc. 13)

**14-Day Deadline**

Petitioner Valentin Vasquez Hernandez ("Petitioner"), formerly a federal detainee proceeding by counsel,[1] initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Pending before the Court is the motion of Petitioner's counsel for the award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 13). Respondents Minga Wofford (Field Office Director, Mesa Verde), Sergio Albarran (Field Officer Director of the Immigration and Customs Enforcement ("ICE")), Todd M. Lyons (formerly Acting Director of

[1] Review of the online website provided by the Executive Office for Immigration Review and the detainee locator provided by Immigration and Customs Enforcement for Petitioner's name, A-number, and country of birth (Mexico) confirms that while Petitioner's removal proceedings remain ongoing, there are zero results indicating Petitioner remains in immigration detention. *See* https://locator.ice.gov/odls/#/search (last visited Sept. 8, 2026); https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 8, 2026); *see also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities[.]").

ICE), the unnamed Secretary of the Department of Homeland Security ("DHS")), and Pamela Jo Bondi (formerly Attorney General of the United States) (collectively, "Respondents") failed to timely file an opposition, which the undersigned construes as an expression of non-opposition to Petitioner's motion. *See* E.D. Cal. Local Rule 230(c). Petitioner did not file a reply and the time to do so has passed.[2]

## I. <u>Relevant Background</u>

After the presiding district judge denied Petitioner's motion for temporary restraining order (Doc. 5), the parties briefed the merits of the petition. Thereafter, on May 12, 2026, the Court granted the petition and ordered Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. 11). Judgment for Petitioner was entered the same day. (Doc. 12).

## II. <u>Governing Authority</u>

The EAJA provides for an award of attorney fees and costs to a private litigant who prevails "in any civil action (other than cases sounding in tort)" against the United States and timely files a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. <u>Discussion</u>

The motion by counsel for Petitioner for the award of attorney fees under the EAJA is timely. *See Van v. Barnhart*, 483 F.3d 600, 602, 607 (9th Cir. 2007).

An attorney representing a prevailing petitioner in a habeas corpus action (such as counsel here) is eligible for the award of EAJA fees. *See Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971); *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985). Accord *Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026), *pet. for rehrn'g by panel en banc den'd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).

[2] Petitioner's motion is referred to the undersigned for preparation of findings and recommendations pursuant to 28 U.S.C. § 636(a) & (b) and E.D. Cal. Local Rule 302(c)(17).

**A. Whether Respondents' Position Was Substantially Justified**

The only remaining question as to counsel's entitlement to attorney fees pursuant to § 2412(d)(1)(A) is whether Respondents' position here was substantially justified.

To defeat a prevailing party's claim to attorney fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). To be substantially justified, the government's position must have a "reasonable basis" in law and fact. *Id*. (citations omitted). "When evaluating the government's 'position' under the EAJA, [courts] consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based.'" *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1168 (9th Cir. 2019) (*quoting* 28 U.S.C. § 2412(d)(1)(B)).

Respondents did not oppose counsel for Petitioner's motion and, thus, have failed to carry their burden of demonstrating that their position was substantially justified. Indeed, as the presiding district judge made clear in her order granting the petition, this Court repeatedly has rejected Respondents' contention that noncitizens encountered and detained by immigration authorities in the interior of the United States (such as Petitioner here) are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Doc. 11 at 2-3). That rejection was firmly established well before Petitioner filed his petition in this action and Respondents nevertheless advanced this same rejected argument in opposing the grant of the petition. *See id.* at 2 (citing *inter alia R.P.V. v. Wofford*, No. 1:26-cv-01010-JLT-EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-cv-01200-JLT-SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez, v. Chestnut*, No. 1:26-cv-01455-JLT-EPG (HC), 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026)).

In short, the undersigned finds Respondents' position was not substantially justified.

**B. Whether Petitioner's Fee Request is Reasonable**

In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district

court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [citation omitted]. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*.

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at 876-77; "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ca9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited Sept. 8, 2026). This maximum rate (presently $258.46) controls unless the district court finds that a "special factor" warrants a higher rate (*Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)), such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 766 (9th Cir. 1985).

Here, according to the declaration of Petitioner's attorney, Ann Barhoum, counsel spent approximately 19 hours on tasks associated with litigating the merits of the case. (Doc. 13-1). She attests that she exercised billing judgment and excluded clerical, duplicative, excessive, and otherwise non-compensable time. *Id.* ¶ 11. She includes as Exhibit 3 to her declaration a "Time and Activity Log" that associates her hours worked on discrete litigation tasks, including reviewing records, researching authorities, drafting the petition and motion for temporary restraining order, and drafting the EAJA motion.

By their failure to oppose counsel for Petitioner's motion for fees, Respondents have waived any argument concerning the reasonableness of the fees requested. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp*., 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (quotation and citations omitted); *Boling Air Media Inc. v. Panalpina Inc*., No. 1:19-cv-00084-DAD-SKO, 2019 WL 3798492, at *4 n.3 (E.D. Cal. Aug. 13, 2019) (finding defendant "concedes" plaintiff's argument regarding existence of good cause to modify scheduling order by failing to address argument in opposition brief), *F&R adopted*

*by* 2019 WL 5422913 (E.D. Cal. Oct. 23, 2019). Based on the undersigned's experience presiding over a significant number of immigration related habeas corpus cases and associated applications by prevailing petitioners for the award of EAJA fees, counsel's expenditure in this action of 19 hours is reasonable. Further, counsel for Petitioner permissibly requests the maximum statutory billing rate of $258.46 per hour.

Given the circumstances noted above, and having found the requested amount reasonable, the undersigned will recommend that counsel for Petitioner's motion for the award of $4,910.74 in EAJA fees be granted.

**IV. <u>Conclusion and Recommendation</u>**

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Counsel for Petitioner's motion for the award of attorneys' fees (Doc. 13) be GRANTED;
2. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $4,910.74; and
3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

/// (cont.)

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 8, 2026**

UNITED STATES MAGISTRATE JUDGE