**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALENTIN VASQUEZ HERNANDEZ,<br>Petitioner,<br>v.<br>MINGA WOFFORD, *et al.*,<br>Respondents. | No. 1:26-cv-01923 JLT CDB (HC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 2412<br>(Doc. 14) |

Valentin Vasquez Hernandez is a former federal detainee proceeding by counsel. He initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 10, 2026. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On September 8, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's unopposed motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412. (Doc. 14.) Specifically, the magistrate judge recommended that Respondents be ordered to remit to counsel for Petitioner attorneys' fees in the amount of $4,910.74. (*Id.* at 5.) The Court served the findings and recommendations on all parties. Although they did not file an opposition to Petitioner's motion for award of attorneys' fees, Respondents timely filed objections. (Doc. 16.)

In their objections, Respondents newly argue that their position regarding mandatory

detention under 8 U.S.C. § §1225(b) is substantially justified. (*Id*. at 4-5.) Respondents further object to the recommendations, also contending for the first time that the EAJA does not authorize an award of attorney fees in habeas corpus proceedings. (*Id.* at 3-4.) Respondents argue the Court should either sustain their objections or decline to rule on the motion for attorneys' fees while relevant litigation unfolds at the United States Supreme Court. (*Id.* at 1-2 (citing *Montoya Palacios v. Liggins*, No. 25-1223, __ S. Ct. __, 2026 WL 1855057 (June 29, 2026) (granting writ of certiorari).)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Respondents' newly raised objections are improper because "[a]rguments raised for the first time in objections to the findings and recommendations are waived." *Williams v. Baker*, No. 1:16-cv-01540-DAD-JDP, 2019 WL 1369889, at *1 (E.D. Cal. Mar. 26, 2019) (citing *Greenhow v. Sec'y of Health & Human Servs*., 863 F.2d 633, 638 (9th Cir. 1988) (stating that it was "entirely appropriate" for a district court to decline to consider arguments not raised before the magistrate judge), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).) That is because "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow*, 863 F.2d at 638. In addition, the objections are unpersuasive for all the reasons set forth in the findings and recommendations.

The Court explicitly declines to exercise its discretion to hold the motion in abeyance pursuant to its discretion under *Landis v. North American Co*., 299 U.S. 248 (1936), for the reasons articulated by another judge in this District:

> Here, the [*Landis*] factors weigh against a stay and in favor of finality. Entering a stay would prohibit compensation for Petitioner's counsel in a case in which she is entitled to fees. Such a failure to compensate attorneys may have a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel. Conversely, there is no hardship or inequity in resolving this motion to bring this case to a close. Indeed, Respondents do not articulate any hardship or inequity which would befall them. Finally, it is in the orderly course of justice to effect swift

> justice to Petitioner and counsel and bring finality to this matter, which requires no further litigation or narrowing of issues.

*V.O. v. Noem*, No. 1:25-CV-1796-TLN-JDP, 2026 WL 2568900, at *2 (E.D. Cal. Aug. 28, 2026); *see also R.M.D.E. v. Chestnut*, No. 1:26-CV-03903-MWJS, 2026 WL 2797943, at *2 (E.D. Cal. Sept. 18, 2026) (collecting cases reaching the same result).

Accordingly, **IT IS HEREBY ORDERED**:

1. The findings and recommendations issued on September 8, 2026 (Doc. 14) are **ADOPTED** in full.
2. Petitioner's motion for award of attorneys' fees pursuant to 28 U.S.C. § 2412 (Doc. 13) is **GRANTED**:
    a. Respondents are **ORDERED** to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $4,910.74.
    b. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

Dated: September 23, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE